IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**MARIA RAMIREZ-ROMAN,**

**Plaintiff,**

**v.**

**NESTLE PR, et al.,**

**Defendants.**

Civil No. 13-1680 (GAG)

**OPINION AND ORDER**

Maria Ramirez-Roman ("Plaintiff") brought suit against Nestle PR ("Defendant") and other entities that have not yet been identified but named as "ABC Insurance," "DEF Insurance," "GHI Insurance," and John and Jane Doe. For the following reasons, the court **DISMISSES** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Timeline of Events**

On September 5, 2013, Defendant removed this case from the Bayamon Superior Court in Bayamon, Puerto Rico and moved for an extension of time to answer or otherwise plead. (Docket Nos. 1 & 2.) The court granted that motion the next day and Defendant answered on October 7, 2013. (Docket Nos. 4 & 5.) The court subsequently referred the case to a magistrate judge for an initial scheduling conference. (Docket No. 6.)

The magistrate judge set a conference date and ordered the parties to file a pre-conference memorandum, which was vacated in light of Plaintiff's lack of legal representation. (Docket Nos. 9 & 10.) On November 13, 2013, the magistrate judge granted Plaintiff's motion for extension of thirty days to find legal representation and informed Plaintiff that she could apply for appointment of pro bono counsel if she lacked financial resources. (Docket Nos. 11 & 12.) The magistrate judge also instructed Plaintiff to file the requisite application with the Clerk of the Court. (Docket No. 12.)

**Civil No. 13-1680 (GAG)**

The court sent manual notification to Plaintiff. (See entry between Docket Nos. 12 & 13.)

On January 2, 2014, the court noted that Plaintiff failed to follow the magistrate judge's orders and to retain legal representation in a timely manner and ordered her to do so by January 21, 2014. (Docket No. 13.) Manual notification was again sent to Plaintiff. (See entry between Docket Nos. 13 & 14.) On February 19, 2014, the court entered an order stating: "Plaintiff has now failed to comply with two court orders to submit documents. Plaintiff shall submit the requisite documentation to the [C]lerk's office by or before March 7, 2014." (Docket No. 14.) Again, manual notification was sent to Plaintiff. (See entry between Docket Nos. 14 & 15.)

On February 27, 2014, Plaintiff filed a motion to appoint counsel, which the court referred to the magistrate judge and which the magistrate judge denied without prejudice with instructions to refile the application and actually answer the questions in the application. (Docket Nos. 15-19 & entry between 19 & 20.) Plaintiff complied and refiled the motion, the court referred it to the magistrate judge, and the magistrate judge denied it without prejudice for similar reasons, instructing another refiling. (Docket Nos. 20-22.) Manual notification was again issued to Plaintiff. (See entry between Docket Nos. 22 & 23.)

On March 28, 2014, Plaintiff filed another motion to appoint counsel, the court again referred it, the magistrate judge granted it on April 3, 2014, and court published notice of it on the docket and manually notified Plaintiff. (Docket Nos. 23-26 & entry between Docket Nos. 26 & 27.) The magistrate judge then scheduled an initial settlement and scheduling conference on May 16, 2014, which the parties jointly moved to continue and which was rescheduled for June 17, 2014. (Docket Nos. 27-29.) Plaintiff's counsel then moved the court to withdraw as Plaintiff's attorney, which the court granted. (Docket Nos. 31 & 33.)

The court next entered a show-cause order that stated: "Based on the information provided [by Plaintiff's counsel in requesting to withdraw,] Plaintiff shall show cause as to why this case should not be dismissed. Accordingly, the Initial Scheduling Conference . . . is vacated. **Plaintiff shall show cause by 6/24/2014.**" (Docket No. 34 (emphasis in original).) Manual notification was

**Civil No. 13-1680 (GAG)**

sent to Plaintiff.  (See entry between Docket No. 34 & 35.)  On June 25, 2014, the court stated: "The court ordered Plaintiff to show cause by yesterday . . . and Plaintiff failed to comply.  Plaintiff shall comply by July 3, 2014, or this case shall be dismissed under Rule 41(b). (Docket No. 35.)  Manual notification was sent the same day.  (See entry between Docket Nos. 35 & 36.)  On July 7, 2014, the court stated the following:

> The court has ordered Plaintiff to show cause twice (Docket Nos. 34 and 35) as to why this case should not be dismissed. In its most recent order, the court informed Plaintiff that it would dismiss this case under Rule 41(b) for failure to prosecute if Plaintiff failed to comply. (Docket No. 35.) The court notes that Plaintiff is proceeding pro se and that the court sent Plaintiff manual notification on June 26, 2014 of the order to show cause. In an abundance of caution, the court orders Plaintiff for the third time to show cause as to why this case should not be dismissed. Plaintiff shall do so by July 14, 2014. Failure to do so will result in dismissal under Rule 41(b).

(Docket No. 36.)  Manual notification was sent the same day.  (See entry after Docket No. 36.)  All of these deadlines came and went without compliance.

**II.  Federal Rule of Civil Procedure 41(b)**[1]

The court dismisses this case for Plaintiff's failure to prosecute claims.  "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  District court judges inherently hold the authority to regulate their dockets and First Circuit precedent permits district court judges to rely upon Rule 41(b) when considering whether to involuntarily dismiss a case *sua sponte*.  See Garcia-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962).

A district court must balance its "venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits."  Malot v. Dorado Beach Cottages, 478 F.3d 40, 43 (1st Cir. 2007).  Indeed, dismissal with prejudice is the most severe penalty.  See Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006).  The

---

[1] Rule 41(b) presumes dismissal on the merits unless the court states otherwise. The court thus clarifies that this dismissal is not an adjudication on the merits.  See FED. R. CIV. P. 41(b).

**Civil No. 13-1680 (GAG)**

court only involuntarily dismisses a case for egregious conduct, as measured by "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions," as well as any other relevant factors. Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996). The court thus grapples with the Robson factors.

      A.      Severity of the Violation

Plaintiff failed to follow five court orders: two concerning obtaining representation and three concerning the show-cause order regarding the plausibility of her claim and its sufficiency as a matter of law. (Docket Nos. 13, 14, 34-36.) Mindful that Plaintiff is *pro se* and receiving manual notification, the court extended the period by which she was required to comply. Still, nothing. The court finds this "extremely protracted inaction" violates Rule 41(b) and the district court's inherent power to regulate its docket. Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). The court warned Plaintiff on multiple occasions to update it and Plaintiff has not complied. Plaintiff's disregard for this case and failure to comply with the court's orders constitute extremely severe indifference to attention and the court's authority.

      B.      Legitimacy of Excuses, Mitigation of Excuses, and Prejudice to the Other Side

Plaintiff has lodged no excuses. There are only two the court can envision: (1) she proceeds *pro se* and (2) she has not received manual notification. As the docket demonstrates, however, the court has walked Plaintiff through how to apply for pro bono counsel and even granted such a motion that should have cured any potential disadvantage she endured by not having a legal education or an attorney. Second, Plaintiff responded to manual notifications in the past to comply with other court orders at Docket Nos. 12-14. It appears that she receives the notifications.

      C.      Repetition of Violations and Deliberate Misconduct

Plaintiff has been cited as failing to comply with five direct orders with three pertaining to the show-cause order. (Docket Nos. 34-36.) The court does not know whether the conduct was deliberate or negligent.

4

**Civil No. 13-1680 (GAG)**

    D.    <u>Adequacy of Lesser Sanctions</u>

The court could sanction Plaintiff in several ways, including a warning, formal reprimand, a fine, imposition of costs or fees, temporary suspension, and dismissal. The court already warned Plaintiff to submit filings multiple occasions. Fining Plaintiff or imposing costs and fees seems counterproductive and insufficient.

    E.    <u>Other Relevant Factors</u>

Plaintiff proceeds *pro se* and so the court is mindful of this fact. But it has instructed her on how to move for appointment of pro bono counsel and Plaintiff is aware of this process.

**IV.**    **Conclusion**

For the aforementioned reasons, the court **DISMISSES** this case **without prejudice** pursuant to Rule 41(b).

**SO ORDERED.**

In San Juan, Puerto Rico this 11th day of August, 2014.

                        /S/ Gustavo A. Gelpí

                        GUSTAVO A. GELPI

                        United States District Judge